**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THOMAS ADAIR, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-cv-341-TLW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Thomas Adair seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3)(A). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. [Dkt. # 9].

Plaintiff protectively filed his application for disability insurance and SSI benefits on May 26, 2005, claiming an onset date of September 5, 2002. [R. 16]. The relevant adjudicated period is from September 5, 2002 through April 11, 2008. [R. 13-22, 95].

The Administrative Law Judge conducted a hearing on March 15, 2008. [R. 27]. Following entry of his decision denying benefits, the Appeals Council, on August 14, 2008, denied plaintiff's request for review. [R. 5]. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481. On June 2, 2009, plaintiff filed the subject action with this Court. [Dkt. # 2].

The role of the Court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is only to determine whether substantial evidence supports that decision and whether the applicable

legal standards were applied correctly. See Briggs ex. rel. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Casias v. Secretary of Health & Human Service, 933 F.2d 799, 800 (10th Cir. 1991).

A claimant for disability benefits bears the burden of proving that he is disabled. 42 U.S.C. § 423 (d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden plaintiff must provide medical evidence of an impairment and the severity of his impairment during the relevant adjudicated period. 20 C.F.R. §§ 404.1512(b), 416.912(b). Disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques" administered by "acceptable medical sources" such as licensed and certified psychologists and physicians. 42 U.S.C.§ 423 (d)(3) and 20 C.F.R. §§ 404.1513, 416.913.

On appeal, plaintiff asserts the Administrative Law Judge (ALJ) failed to perform a proper credibility determination. [Dkt. # 15 at 4].

## Background

Plaintiff is a Caucasian male, born on May 24, 1961 and was 46 years old at the time of the

hearing before the ALJ. [R. 32]. Plaintiff has a high school education. [R. 32]. He is a divorced father of two children, currently residing with his former wife and their minor child. [R. 32]. He is 6 feet tall and weighs 195 pounds. Plaintiff's work history is sporadic, showing several years of no reported wage earnings. [R.68]. From 1991 to 1996, plaintiff owned a jewelry store, engaging in retail sales and jewelry repair. [R. 68, 96]. Plaintiff was employed from 1997 until 2001. From March 2001 until September 5, 2002, he was employed by Muskogee Bridge, as a heavy equipment operator. [R. 68, 96, 146]. Plaintiff alleges he sustained an injury to his back while working for Muskogee Bridge.[1] Specifically, he alleges that on September 5, 2002, while operating a bulldozer, knocking down cement walls, he developed intense pain in his left buttock, his leg and ankle which caused numbness and burning in his left foot. [R. 146]. Plaintiff initially went to WorkMed and was diagnosed with having a herniated disk. [R. 161]. On January 3, 2003, plaintiff was evaluated by Allen Fielding, M.D., at Spine & Sports Specialists of Tulsa, and was found to be "neurologically intact" with the exception of "mild blunting" in the left foot. [R. 143]. On March 4, 2003, Dr. Fielding gave plaintiff a full release to return to work. [R. 143]. However, plaintiff remained unemployed until 2005, at which time he went to work for Xtreme World Playground and Raceway, building motor cross tracks, reporting $4,500.00 in wages. [R. 33, 96, 70]. In 2007, plaintiff worked for three days as a track consultant with Cooperland Raceway, earning $904.00. [R. 34, 75].

Plaintiff alleges that he has been disabled since he injured his back on September 5, 2002. On March 28, 2003, plaintiff returned to Dr. Fielding for a disability rating. Dr. Fielding stated that although he had given plaintiff a full release on March 4, 2003, he did not return to work because

---

[1] In 1995, plaintiff received treatment for a prior diskogenic injury which resolved itself in the course of two months. [R. 161].

he was laid off. Dr. Fielding rated plaintiff with a 7% impairment. [R. 143-143A]. Plaintiff alleges that his back injury limits his ability to work because he can not sit or stand for extended periods, and he is in constant pain. [R. 95].

The ALJ found that plaintiff has not engaged in gainful activity since September 5, 2002. The ALJ determined plaintiff's severe impairment to be disc herniation at L5-S1. [R.18]. He found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments, specifically listing 1.04 (disorders of the spine), because there is no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. [R. 19].

The ALJ found plaintiff has the residual functional capacity ("RFC") to perform the full range of light work. [R. 19]. The ALJ found plaintiff's testimony less than credible concerning the intensity, persistence, and limiting effects of his symptoms. [R. 20]. The ALJ found plaintiff could return to his past work in jewelry sales and repair, and store manager. [R. 21]. In the alternative, based on plaintiff's age, education, good ability to read, write, use numbers, RFC assessment, and the testimony of the vocational expert, the ALJ concluded that plaintiff was capable of performing light and sedentary work, such as cleaner/housekeeper, hand bander, suture winder and charge account clerk. [R. 22]. The ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act. [R. 22]. These findings were made at steps four and five in the five step inquiry outlined in Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five steps in detail).[2]

---

[2] The five-step sequence provides that the claimant (1) is not gainfully employed, (2) has a severe impairment, (3) has an impairment which meets or equals an impairment presumed by the Secretary to preclude substantial gainful activity, listed in Appendix 1 to the Social Security Regulations, (4) has an impairment which prevents them from engaging in their past employment, and (5) has an impairment which prevents them from engaging in any other work, considering their

### Discussion

Plaintiff contends the ALJ erred in his credibility determination because the determination was nothing more than the ALJ's conclusory statement. The Court disagrees.

The ALJ set out the medical evidence he relied upon in assessing plaintiff's credibility.

> The Function Report the claimant completed shows that he was able to care for his son, do laundry and cleaning, mow the front or back yard, shop for groceries, play drums, visit relatives, and lift 20 to 30 pounds. (Exhibit E/24).
>
> In terms of the claimant's alleged back pain and injury, he only saw Dr. Shuey 3 times before filing for disability (on May 21, 2001, September 10, 2001, and November 5, 2001). It was almost 4 years before he returned for additional treatment on July 28, 2005.
>
> As for opinion evidence, the claimant's treating physician, Dr. Fielding, noted that the claimant **had improved significantly**. After gradually increasing his work capacity, Dr. Fielding indicated on March 28, 2003, that the claimant **had not returned to work, because he was laid of** [emphasis added] (Exhibit 2F/1).
>
> In sum, the above residual functional capacity assessment is supported by Dr. Fielding's lifting restrictions of about 15 pounds (Exhibit 2F/6)

[R. 21] (emphasis in text).

Plaintiff claims the ALJ's credibility assessment is flawed because the ALJ failed to consider the side effects from plaintiff's pain medications, his daily activities (which he argues do not establish an ability to work), and the fact that his limited medical treatment was due to his financial problems. [Dkt. # 15 at 7-9]. Under Luna v. Bowen, 834 F.2d 161, (10th Cir. 1987), the ALJ is to decide whether a claimant's subjective claims of pain are credible by considering such factors as "a claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor . . . daily activities, and

---

age, education, and work experience. Ringer v. Sullivan, 962 F.2d 17 (10th Cir. 1992) (unpublished) (citing Williams v. Bowen, 844 F.2d at 750-52).

5

the dosage, effectiveness, and side effects of medication." Id. at 165-66.

Here, the ALJ found that plaintiff was engaged in daily activities, that he did not have regular contact with his physician, and that he was released to return to work, but was laid off. In addition, the record shows that plaintiff primarily takes over-the-counter medication and, on occasion, hydrocodone as needed; however, hydrocodone was first prescribed to plaintiff on November 15, 2007, five years after his back injury. [R. 76]. There is no mention of plaintiff complaining about side effects from medications in his physician's examination notes.

Plaintiff argues that his sporadic performance of household tasks does not establish his capability to engage in substantial gainful activity. However, a factor the ALJ can take into consideration is plaintiff's ability to perform such activities. In this regard, the ALJ relied on plaintiff's own testimony at the hearing. Plaintiff's effort to minimize the quantify and quality of his daily activities on appeal is essentially a request to reweigh the evidence in his favor, something this Court cannot do. Thus, this argument fails.

Plaintiff next contends the ALJ improperly relied on his lack of medical treatment, because plaintiff could not afford medical care. The record contains no evidence that plaintiff sought medical treatment but was refused because of his inability to pay. The Tenth Circuit has acknowledged that the failure of a claimant to seek low-cost medical treatment, and lack of evidence that he was denied medical care because of financial hardship, supports a determination that financial hardship was not severe enough to justify the failure to seek treatment. See e.g. Allen v. Apfel, 216 F.3d 1086 (10th Cir. 2000) (unpublished)[3] citing Murphy v. Sullivan, 953 F.2d 383, 386-87 (8th Cir. 1992). Thus,

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

this argument fails.

Based on the foregoing, the Court finds that the ALJ linked his credibility findings to the evidence of record, rather than merely stating his own conclusion. In Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995), the court held the ALJ's credibility determination was inadequate because the ALJ simply recited the general factors he considered and then said the plaintiff was not credible based on those factors. The Tenth Circuit explained that the ALJ must refer to the specific evidence he is relying on in determining credibility, and he must link his credibility findings to specific evidence. Id. at 391. In the instant case, the ALJ complied with this standard. In Qualls v. Apfel, 206 F.3d 1368 (10th Cir. 2000), the court stated that "our opinion in Kepler does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of Kepler are satisfied." Id. at 1372. Credibility determinations are peculiarly the province of the finder of fact, and a court should affirm that finding if it is closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Hill v. Astrue, 289 Fed. Appx. 289, 294 (10th Cir. 2008) (unpublished). The evidence relied upon by the ALJ clearly shows that plaintiff's testimony is not entirely credible, and this finding is supported by substantial evidence. Plaintiff fails to cite objective medical evidence which contradicts the ALJ's assessment of plaintiff's credibility. Plaintiff's argument addresses the weight rather than the sufficiency of the evidence.

## Conclusion

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and that the correct legal standards were applied. Thus, the Court AFFIRMS the decision of the Commissioner denying disability benefits to plaintiff.

SO ORDERED this 15th day of September, 2010.

                                                T. Lane Wilson
                                                United States Magistrate Judge